<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIICHI PHARMACEUTICAL CO., LTD. and DAIICHI PHARMACEUTICAL CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>    Defendants. | Civ. No. 03-937 (WGB)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>APPEARANCES</u>:**
James P. Flynn, Esp.
EPSTEIN, BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Brian P. Murphy, Esq.
David Leichtman, Esq.
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

    Counsel for Plaintiffs

Steven Gerber, Esq.
ADORNO & YOSS, LLP
155 Willowbrook Boulevard
Wayne, New Jersey 07470

Robert B. Breisblatt, Esq.
Julie A. Katz, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606

    Counsel for Defendants

**BASSLER, SENIOR DISTRICT JUDGE:**

Defendants Apotex, Inc. and Apotex Corp. (collectively as "Apotex" or "Defendants") filed a motion *in limine* to preclude Plaintiffs Daiichi Pharmaceutical Co. Ltd., and Daiichi Pharmaceutical Corporation (collectively as "Daiichi" or "Plaintiffs") from presenting evidence or otherwise arguing that an erroneous publication date for another patent provided in Daiichi's Information Disclosure Statement was the result of a typographical error.

For the reasons set forth below, Apotex's motion is **denied**.

**I. BACKGROUND**

On April 12, 1993, Daiichi submitted an Information Disclosure Statement, also referred to as a Form PTO-1449 (hereinafter "IDS"), during the prosecution of its U.S. Patent No. 5,401,741 ("the '741 patent"), entitled a "Topical Preparation for Treating Otopathy." The IDS disclosed the existence of a German patent identified as DE 3,632,222 ("Grohe '222") and listed the date of its publication as July 7, 1988 instead of the correct date of April 7, 1988. Defendants contend that Grohe '222 is important to the issue of prior art and that the wrong date submitted by Daiichi makes it appear as though Grohe '222 is not prior art. Defendants believe that Daiichi will argue that the listed date was a result of a typographical error and, therefore, seek to preclude Daiichi from pursuing that

argument.

Apotex makes three arguments against Daiichi submitting that the misstated date was the result of a typographical error. First, Defendants seek to preclude the testimony of Peter Olexy, who prepared the IDS, on the grounds that he lacks personal knowledge of the listing of the Grohe '222 publication date. Secondly, Apotex contends Richard Killworth's testimony should be precluded based on his lack of qualification as a "document review expert."[1]  Finally, Apotex argues Daiichi should be precluded from making any claims that the Grohe '222 publication date was entered by mistake because Daiichi withheld certain information that could indicate otherwise.

**II. DISCUSSION**

    A. Testimony of Peter Olexy

Apotex seeks to preclude any testimony by Peter Olexy as to whether the incorrect publication date of Grohe '222 on the IDS was the result of a typographical error.  Defendants conclusively cite the text Fed. R. Evid. 602 as grounds for his exclusion. Rule 602 states: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove

---

[1]The Court will not address Defendants additional arguments that Richard Killworth is not qualified to testify as an expert in Patent and Trademark Office practice and procedure because the Court has already dealt with this issue in a separate Opinion.

personal knowledge may... consist of the witness' own testimony." Apotex argues Mr. Olexy lacks personal knowledge because, although the IDS was typed in his office, he did not personally type it. Defendants, however, overlook that Mr. Olexy testified at his deposition that he authorized the IDS and he reviewed it prior to submitting it to the United States Patent and Trademark Office ("PTO"). Based on Mr. Olexy's deposition testimony, the Court is satisfied that he has sufficient personal knowledge as to whether the misstated date of Grohe '222 on the IDS was due to a typographical error.

### B. Testimony of Richard Killworth

Apotex argues Daiichi's patent law and PTO procedural expert, Richard Killworth, should be precluded from testifying that the Grohe '222 date was the result of a typographical error because he is not a forensic document review expert. Defendants contend that Fed. R. Evid. 702 requires Mr. Killworth to have training and specialized knowledge that would enable him to make such determinations. Apotex's concerns, however, are misplaced. Mr. Killworth's proposed testimony is broader than Defendants claim. Daiichi will introduce Mr. Killworth to testify as to whether Plaintiffs have met their duty of candor in their submissions to the PTO. As indicated in his expert report, Mr. Killworth's opinion is not solely based on the IDS or on Mr. Olexy's testimony. Mr. Killworth's consideration of a single

misstated date submitted along with a multitude of other information is only a minor component of his overall opinion, and one that the Court does not find should disqualify him from testifying.

The purpose of an *in limine* motion is to aid the trial process by enabling the court to rule on the relevancy of certain evidence in advance of trial to prevent lengthy argument or interruptions during trial.  See Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d. Cir. 1990); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Highland Capital Mgmt., L.P. v. Schneider, 379 F.Supp.2d 461, 467 (S.D.N.Y. 2005).  An *in limine* ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the... proffer."  Luce v. United States, 469 U.S. 38, 41 (1984). Daiichi's Pre-trial Brief and its Opposition to Defendants' *in limine* motion provide that Mr. Killworth's testimony will concern the issue of Plaintiffs' duty of candor to the PTO and whether that duty was met.  There is no indication, aside from Defendants' bald allegations, that Mr. Killworth will use forensic evidence to show the Grohe '222 date was in fact a typographical error.  The Court, therefore, will not preclude Mr. Killworth's testimony.

### C. Withholding of Privileged Information Regarding the Typographical Error

Apotex argues Daiichi should be barred from asserting that

the wrong Grohe '222 publication date was submitted as a result of a typographical error because Daiichi has either destroyed or withheld on attorney-client privilege grounds documents necessary to refute this claim.  Defendants principally cite <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2d Cir. 1991), for the holding that "the attorney-client privilege cannot at once be used as a shield and a sword."  In <u>Bilzerian</u>, the Second Circuit held that a criminal defendant seeking to testify as to his personal belief and knowledge of securities laws opened the door to cross-examination that would raise ordinarily protected conversations he had with his attorney on the subject.  <u>Bilzerian</u>, however, is inapposite here.  In that case, the defendant sought to introduce some communications he had with his attorney but not all of them.  The issue in <u>Bilzerian</u> was whether the defendant waived the privilege with regard to all communications; whereas, the core of Defendants argument is that Daiichi underhandedly withheld certain information.

     The Court is not persuaded by Apotex's arguments.  The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.  The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed

6

by the client." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). Plaintiffs cite Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1344 (Fed. Cir. 2004) (en banc), for holding that when the attorney-client privilege is invoked by a party in a willful patent infringement suit, it is inappropriate for the court to draw an adverse inference. While certain circumstances, however, may support inferences against the party claiming the privilege, the fundamental role of the privilege dictates that it should not be heedlessly swept aside as Apotex argues. "A negative inference should not be drawn from the proper invocation of the attorney-client privilege." Chmil v. Rulisa Operating Co., 20 F.3d 115, 120 (4th Cir. 1994). There is no indication that Daiichi asserted the privilege in bad faith. Moreover, Defendants never challenged Daiichi's list of privileged documents. Defendants provide no basis for concluding that the documents withheld were in fact not subject to the attorney-client privilege.

7

**III. CONCLUSION**

  For the foregoing reasons, Apotex's motion *in limine* is **denied.**  Daiichi is not precluded from presenting evidence or arguing that the incorrect publication date as to Grohe '222, submitted on Daiichi's IDS to the '741 patent, was the result of a typographical error.

  An appropriate Order follows.


              /s/ William G. Bassler
              William G. Bassler, U.S.S.D.J.


Dated: November 1, 2005