NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIICHI PHARMACEUTICAL CO., LTD. and DAIICHI PHARMACEUTICAL CORPORATION,<br><br>              Plaintiffs,<br><br>v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>              Defendants. | Civ. No. 03-937 (WGB)<br><br>**MEMORANDUM OPINION**<br>**AND**<br>**ORDER** |

**APPEARANCES:**
James P. Flynn, Esp.
EPSTEIN, BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Brian P. Murphy, Esq.
David Leichtman, Esq.
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

    Counsel for Plaintiffs

Steven Gerber, Esq.
ADORNO & YOSS, LLP
155 Willowbrook Boulevard
Wayne, New Jersey 07470

Robert B. Breisblatt, Esq.
Julie A. Katz, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606

    Counsel for Defendants

**BASSLER, SENIOR DISTRICT JUDGE:**

Defendants Apotex, Inc. and Apotex Corp. (collectively as "Apotex" or "Defendants") filed a motion to admit into evidence an internal memorandum produced during discovery by plaintiffs Daiichi Pharmaceutical Co. Ltd., and Daiichi Pharmaceutical Corporation (collectively as "Daiichi" or "Plaintiffs").

For the reasons set forth below, Apotex's motion is **granted**.

## I.  Background

It is unnecessary at this time to fully chronicle the procedural and factual background of this case.  In December 2003, shortly after the commencement of the suit, the parties stipulated to a protective order.  "Without this protection, the parties would be unwilling to share trade secrets regarding their products and information regarding the inner workings of their business."  (Plaintiffs' Cert. in Support of a Stipulated Protective Order at ¶5.)  The Protective Order covered any information, evidence or discovery, which, in the good faith opinion of the providing party, "contain[ed] any trade secret or confidential and proprietary information including... research, development, manufacturing...." (12-08-03 Stipulated Protective Order ("Order") at ¶1.)  The Protective Order did not waive the parties' rights under the Federal Rules of Civil Procedure or Federal Rules of Evidence.  (Order at ¶13.)

Through the course of discovery, Defendants obtained from

Plaintiffs an internal memorandum that is, according to Defendants, "highly probative of the obviousness underlying the '741 patent." (Defendants' Br. at 4; Katz Dec., Ex. A.) The memorandum, Defendants' Trial Exhibit 61 ("DTX 61"), marked confidential by Plaintiffs, is a certified English translation from Japanese of a research report by Daiichi entitled "Investigation of Topical Administration of Tarivid into Middle Ear in guinea Pigs." (Katz Dec., Ex. A.) Apotex seeks to enter DTX 61 into evidence as an admission by a party opponent under Fed.R.Evid. 801(d)(2) or as a business record under Fed.R.Evid 803(6). Plaintiffs request that the Court preclude DTX 61 as inadmissible hearsay because Apotex has failed to establish the requirements of Rule 801(d)(2) or 803(6).

**II. Discussion**

Pursuant to Rule 801(d)(2), admissions and adoptive admissions by a party-opponent are admissible as non-hearsay if the statement offered against the party is "the party's own statement... [or] a statement of which the party has manifested an adoption or belief in its truth." Fed.R.Evid. 801(d)(2)(A), (B). "Adoption can be manifested by any appropriate means, such as language, conduct, or silence.... If the statements are viewed as the defendant's own, they constitute admissions properly characterized as non-hearsay under Fed.R.Evid. 801(d)(2)." Horvath v. Rimtec Corp., 102 F.Supp.2d 219, 223 (D.N.J. 2000)

3

*citing* Neuman v. Rivers, 125 F.3d 315, 320 (6th Cir. 1997).

Apotex's Document Request Number 30 sought "All documents that refer or relate to the research, development and manufacture of Daiichi's Ofloxacin Otic Solution." (Katz Dec., Ex. C.) In response, Daiichi provided DTX 61. The mere fact that the document was obtained through the discovery process, however, does not qualify it as admissible evidence. Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2217 at 448 (2d 1994). Rather, admissibility is governed by the Rules of Evidence. Apotex must show evidence sufficient to support a finding that the statement was made by Daiichi itself or in some representative capacity, or that Daiichi otherwise adopted the statement as its own.

Plaintiffs contend that Apotex has failed to establish the identity of the author of DTX 61 and has not shown that the document was prepared by or at the behest of Daiichi or its employees. Additionally, while Plaintiffs concede the authenticity of the document, they argue that due to the lack of testimony regarding DTX 61, Apotex is unable to lay a proper foundation for admitting the evidence under Rule 801(d)(2). (11-03-05 Trial Transcript at 162:16-18.) The Court disagrees.

First, DTX 61 is clearly labeled as a Daiichi Research Report. While not dispositive, the listing of Daiichi's name tends to show that the report was commissioned by or in some way

4

belonged to Plaintiffs.  In a similar vein, the Third Circuit has construed a signature on records as constituting an adoptive admission.  See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 930 (3d Cir. 1985) (finding that if plaintiff had filled out records himself they would come under party admissions but that in the least plaintiff's signature on documents is an "unequivocal adoption of the contents therein"); see also Pillsbury Co. v. Cleaner-Brooks, 646 F.2d 1216, 1218 (8th Cir. 1981); Robinson v. Audi NSU Auto Union, 739 F2.d 1481, 1489 (10th Cir. 1984) (finding a document submitted to National Highway Safety Traffic Administration detailing puncture resistance of gas take was a party admission).  The Daiichi name on the title page of the report, like a signature, is suggestive of ownership.

Second, the Court notes that Daiichi labeled DTX 61 "Confidential Under Protective Order."  Although it is not determinative, the demarcation supports the notion that it was Daiichi's "good faith opinion" that document contained a "trade secret or confidential and proprietary information."  (Order at ¶1.)  The act of labeling the document was adoptive in the same sense as a signature; it tends to show ownership.

Third, DTX 61 provides the names of the research team and lead researcher.  Apotex provided evidence that Professor Kiichi Sato, one inventor of the '741 patent, was hired by Daiichi to take part in or expand on the research described in DTX 61,

5

thereby linking the study in DTX 61 to Daiichi.  It also further supports the conclusion that the research was commissioned by Daiichi, and making it a party admission.  (Defendants' Reply Br. at 1, Ex. B, C; Sato Dep. Tr. at 89:9-90:25.)

Fourth, DTX 61 was provided as a response to Defendants' request for documents.  As previously stated, this does not render the document admissible, however, by acquiescing to Apotex's demand it shows Plaintiffs' belief that the document did in fact "relate to the research, development and manufacture of Daiichi's Ofloxacin Otic Solution."  (Katz Dec., Ex. C.) see e.g., Nestle, Inc. v. Chester's Market, Inc., 571 F.Supp. 763, 775 n.9 (D.Conn. 1983) *rev'd on other grounds*, 756 F.2d 280 (2d Cir. 1985) (finding internal memorandum produced during discovery, the authenticity of which had not been challenged, were admissible as admissions).  In combination with the above circumstantial evidence, this also supports a conclusion that Daiichi adopted the contents of DTX 61 as its own.

### III. Conclusion

For the foregoing reasons, Apotex's motion is **granted**.  DTX 61 is admitted into evidence as an admission by a party-opponent pursuant to Rule 801(d)(2).  The Court, therefore, need not consider whether DTX 61 is admissible under the business records

exception of Rule 803(6).

**So Ordered.**

Dated: November 30, 2005

                                        /s/ William G. Bassler  
                                        William G. Bassler, U.S.S.D.J.