<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIICHI PHARMACEUTICAL CO., LTD. and DAIICHI PHARMACEUTICAL CORPORATION,<br><br>   Plaintiffs,<br><br>v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>   Defendants. | Civ. No. 03-937<br>  (WGB)<br><br><u>M E M O R A N D U M</u><br>  <u>O P I N I O N</u> |

**<u>APPEARANCES</u>:**

James P. Flynn, Esq.
EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Brian P. Murphy, Esq.
David Leichtman, Esq.
MORGAN LEWIS BOCKIUS LLP
New York, NY 10178

  Attorneys for Plaintiffs

Steven Gerber, Esq.
ADORNO & YOSS, LLP
155 Willowbrook Boulevard
Wayne, New Jersey 07470

Robert B. Breisblatt, Esq.
Julie A. Katz, Esq.
Michael A. Krol, Esq.
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

  Attorneys for Defendants

**BASSLER, SENIOR DISTRICT JUDGE:**

  Plaintiffs Daiichi Pharmaceutical Co., Ltd. and Daiichi

Pharmaceutical Corp., Inc. (collectively "Daiichi") move to strike proposed findings of fact 39(b) and 53(d) submitted by Defendants Apotex, Inc. and Apotex Corp. (collectively "Apotex").

For the reasons set forth in this Memorandum Opinion, Plaintiff's motion to strike is **GRANTED**.

I. <u>Background</u>

On March 4, 2003, Daiichi brought suit against Apotex alleging that Apotex infringed Daiichi's U.S. Patent No. 5,401,741. After the culmination of the nine day trial, Apotex submitted its proposed findings of fact, which included 39(b) and 53(d). These two findings were dictionary definitions of the term 'solution' by <u>The American Heritage® Stedman's Medical Dictionary</u>, which had not been submitted as evidence during trial. Daiichi moves to strike both of these findings from the record.

II. <u>Analysis</u>

Apotex urges the Court to take judicial notice of the submitted material under the Federal Rules of Evidence, Rule 201. Under Rule 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Apotex contends that findings

of fact 39(b) and 53(d) satisfy this rule because the accuracy of dictionary definitions cannot be questioned and should, therefore, be allowed into the findings of fact. (See Apotex's Brief at 3) (citing Nix v. Hedden, 149 U.S. 304, 306 (1893)).

In patent cases, however, where the definition of a term becomes increasingly significant, dictionaries, while helpful, are considered extrinsic evidence whose admission and use is up to the sole discretion of the court. See Phillips v. AWH Corp., 415 F.3d 1303, 1319 (Fed. Cir. 2005). Patent cases are complex suits that often hinge on the meaning of a particular term. It is for this reason that the Federal Circuit, affirmed by the Supreme Court, has held that disputed terms in a patent suit are to be determined as a matter of law. See Markman v. Westview Instruments, 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). Therefore, the Judge often resolves disputes concerning terms in a patent during a pre-trial "Markman" hearing. Id. Apotex never submitted the definition of solution discussed in 39(b) and 53(d) during the Markman hearing and even told the Court it need not worry about the definition of the term 'solution' during the trial. (See Daloisio Cert., Exhibit (A), July 22, 2005 transcript of Markman hearing, pg. 5-6).

Federal Rule of Evidence 201(e) states that "a party is entitled an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed. R.

Evid. 201(e).  The <u>Markman</u> hearing was the proper forum for Apotex to submit their definitions of the term 'solution'.  By bypassing this step, Apotex would have the court reevaluate agreed upon terms without an opportunity for Daiichi to be heard.

Furthermore, Daiichi argued that the dictionary relied on by Apotex was published four years after the relevant time frame of the patent.  The dictionary, therefore, does not provide accurate definitions as they were known at the time the patent was filed and, therefore, has no place in this suit.

III. <u>Conclusion</u>

For the reasons set forth above, Daiichi's motion to strike Apotex's findings of fact 39(b) and 53(d) is **GRANTED**.

An appropriate Order follows.

    /s/ William G. Bassler
William G. Bassler, U.S.S.D.J.

Dated: July 21, 2006

4