NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIICHI PHARMACEUTICAL CO., LTD., and DAIICHI PHARMACEUTICAL CORPORATION<br><br>    Plaintiffs,<br><br>v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>    Defendants. | Civ. No. 03-937 (WGB)<br><br>**M E M O R A N D U M**<br>**O P I N I O N** |

**APPEARANCES:**

James P. Flynn, Esq.
EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Brian P. Murphy, Esq.
David Leichtman, Esq.
MORGAN LEWIS BOCKIUS LLP
New York, NY 10178

    Attorneys for Plaintiffs

Steven Gerber, Esq.
ADORNO & YOSS, LLP
155 Willowbrook Boulevard
Wayne, New Jersey 07470

Robert B. Breisblatt, Esq.
Julie A. Katz, Esq.
Michael A. Krol, Esq.
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

    Attorneys for Defendants

1

**BASSLER, SENIOR DISTRICT JUDGE:**

Plaintiffs Daiichi Pharmaceutical Co., Ltd. and Daiichi Pharmaceutical Corp., Inc. (collectively "Daiichi") move to exclude from evidence twenty-two trial exhibits submitted by Defendants Apotex, Inc. and Apotex Corp. (collectively "Apotex") at the last day of trial. The contested exhibits are DTX 113, 118, 120, 121, 123-126, 128, 129, 132-134, 137-140, 152, 153, 163, 181, and 218.

For the reasons set forth in this Memorandum Opinion, Plaintiffs' motion to exclude is **GRANTED**.

I. Background

On March 4, 2003, Daiichi brought suit against Apotex alleging that Apotex infringed Daiichi's U.S. Patent No. 5,401,741. Daiichi served its First Set of Interrogatories on June 16, 2003, to which Apotex responded on August 18, 2003. Daiichi requested that Apotex "explain the factual and legal bases for each allegation and identify all knowledgeable individuals and the documents reviewed, . . . including all prior art references." (Daiichi's Br. at 4). In its response, Apotex did not disclose of or reference the trial exhibits now in dispute. On February 3, 2004, Apotex filed supplemental responses and objections to Daiichi's interrogatories, but again failed to address the disputed exhibits.

Daiichi amended its Complaint on May 26, 2004, and Apotex

filed a timely Answer to the First Amended Complaint. Pursuant to Magistrate Judge Arleo's Court Order dated September 1, 2004, the parties exchanged contention interrogatories and responses. Daiichi requested, among other things, "[to] identify any other prior art reference and explain the factual and legal bases for any and all allegations by Apotex that any of claims 1-7 of Daiichi's patent-in-suit is invalid . . . ." (Daiichi's Br. at 4). Apotex identified additional documents, but not the exhibits now in question. The parties then completed expert witness reports and depositions, and discovery closed on January 18, 2005.

On June 28, 2005 and July 8, 2005, Apotex served Daiichi with disclosure notices under 35 U.S.C. § 282 that referenced a number of prior art exhibits in support of their patent invalidity defense, which are currently the subject of Daiichi's motion. Following Daiichi's objection to late disclosure, Apotex supplemented their response to Daiichi's contention interrogatory no. 31.

After the culmination of the nine day bench trial of this action in November 2005, Apotex sought to admit into evidence twenty-two documents that they alleged to be prior art of the patent-in-suit. The Court conditionally admitted the documents since they had been listed post-discovery in a Section 282 notice, but emphasized that the documents were unsupported by

witnesses or experts at trial and otherwise undisclosed in Apotex's expert reports. Daiichi reserved the right to make a post-trial objection to the admission of these exhibits, and this motion followed.

II. Discussion

    A. Exhibits Are Excluded Under Fed. R. Evid. 403

Rule 403 grants to the district court the discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 "recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002). "In balancing, 'the proper equation places on one side the maximum reasonable probative force for the offered evidence,' while 'the other side of the equation should include the likely prejudicial impact of the evidence.'" Id. at 1344 (citation omitted). In other words, "evidence may be excluded if its probative value is not worth the problems that its admission may cause." Id. at 1343. In addition, in performing its role as gatekeeper and factfinder in a bench trial, the Court may exercise its discretion to exclude certain evidence. As a general rule, evidence should be excluded

under Rule 403 "only sparingly since the evidence excluded is concededly probative. The balance of the rule should be struck in favor of admissibility." Blancha v. Raymark Industries, 972 F.2d 507, 516 (3d Cir. 1992) (citations omitted).

The Court finds that Apotex failed to establish any probative value of the contested exhibits and to show their relevancy to the patent-in-suit. Unlike the usual bench trial where the Court is "capable of assessing the probative value of the article and excluding any improper inferences," Tracinda Corp. v. Daimler Chrysler AG, 362 F.Supp.2d 487, 497 (D.C. De. 2005), the proffered exhibits are highly scientific and require supporting expert testimony. In a case of this complexity and without the guidance of expert testimony, the Court simply cannot assess the probity of those exhibits on its own. Thus, the "maximum reasonable probative force for the offered evidence," Coleman, 306 F.3d at 1344, remains unknown.

On the other hand, the Court finds that there is a substantial danger of unfair prejudice to Daiichi due to Daiichi's inability to rebut the evidence of alleged prior art in cross-examination or in direct examination of their own expert. Without an explanation of relevance, the contested documents are nothing more than conclusory opinions. Since the Court is not aware of how these exhibits amount to prior art, the risk of unfair prejudice is not mitigated even in the context of a bench

5

trial.  Under the cost/benefit analysis that is outlined in Coleman, the probative value of the exhibits is substantially outweighed by the "costs" associated with it.  Thus, Apotex's contested exhibits are excluded.

Neither does Apotex's characterization of the disputed exhibits as "self-authenticating documents" save the day.  The Court notes that the authenticity of the documents is not in dispute, but rather their relevancy to the patent-in-suit. Therefore, Apotex's reliance on McQueeney v. Wilmington Trust Co. for the proposition that "defense counsel was entitled to proffer the [records] without any authenticating testimony or other foundation" is misplaced.  (Defendants' Br. at 3, quoting McQueeney, 779 F.2d 916, 930 (3rd Cir. 1985)).  The quoted part of the McQueeney opinion addressed the issue of authentication of documents, not their relevance, and it is easily distinguishable. In McQueeney, the Third Circuit ruled that "[t]he burden of proof for authentication is slight" and that copies of plaintiff's Sea Service Records were "sufficiently authenticated by circumstantial evidence."  McQueeney, 779 F.2d at 928.  Speaking to the issue of relevancy, however, the Court emphasized that "it [was] immediately apparent that the Sea Service Records were relevant.  They showed how much McQueeny had worked in the last few years . . . .  There could be no plausible suggestion that the records could be unduly prejudicial, confusing, or

6

misleading." McQueeney, 779 F.2d at 930. In contrast, the relevance of the exhibits in the present case is not immediately apparent and is subject to interpretation. Without expert testimony relating the exhibits to the patent-in-suit, the Court cannot allow these exhibits to be admitted into evidence.

    B.   <u>Documents Are Inadmissable Despite Notice Under Section 282 of Title 35</u>

Daiichi does not rely solely on the insufficiency of notice under Section 282 as basis to exclude the contested exhibits. Rather, at the core of Daiichi's motion is the issue of relevancy. Daiichi points out that Section 282 is not an evidentiary rule and does not automatically render documents admissible. In effort to clarify their position, Daiichi writes that "[k]nowing that the documents are here is not the equivalent of knowing why they are here or what is planned for them[.]" (Daiichi's Reply Br. at 5, n.3). The Court agrees.

Despite Apotex's argument that the timing of the disclosures did not prejudice Daiichi in any way, the Court finds that the contested exhibits do not withstand the admissibility requirements under the Federal Rules of Evidence.

III.  Conclusion

For the reasons set forth above, Daiichi's motion to exclude from evidence DTX 113, 118, 120, 121, 123-126, 128, 129, 132-134, 137-140, 152, 153, 163, 181, and 218 is **GRANTED**.

An appropriate Order follows.


                                             /S/ WILLIAM G. BASSLER
                                            William G. Bassler, U.S.S.D.J.

Dated:  July 25, 2006